# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MAURICE COOPER,**

    **Plaintiff,**

**v.**                                                  **Case No:   6:15-cv-1677-Orl-40KRS**

**GARDA CL SOUTHEAST, INC.,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **RENEWED JOINT MOTION TO APPROVE FLSA SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 12)**
>
> **FILED:**     **November 4, 2015**

**I.  BACKGROUND.**

Plaintiff Maurice Cooper ("Cooper") filed a complaint against Defendant Garda CL Southeast, Inc. ("Garda"), raising a claim for failure to pay overtime compensation as required by the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 201, *et seq.*  Doc. No. 2.  On November 4, 2015, the parties filed the instant motion, indicating that they reached a settlement and requesting that the Court approve their agreement as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  Doc. No. 12.  In support of their motion, the parties filed a fully executed copy of their settlement agreement.  Doc. No. 12-1 (the "Settlement Agreement").  In response to a Court order, Plaintiff also filed a supplemental memorandum addressing the amount

of FLSA compensation to which he originally claimed an entitlement. Doc. No. 14. The parties stipulate to entry of a judgment dismissing the case with prejudice if the Court approves the Settlement Agreement. Doc. No. 12, at 1; Doc. No. 12-1 ¶ 3.

The motion was referred to me for issuance of a Report and Recommendation, and the matter is now ripe for review.

## II.     APPLICABLE LAW.

In *Lynn's Food*, the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III.    ANALYSIS.

### A.    *Terms of the Settlement Agreement.*

Garda agrees to pay a total of $1,867.11 to Cooper and his counsel in two checks. Doc. No. 12-1 ¶ 2(a). The first check will be in the amount of $850.00 for attorney's fees and costs and will be made payable to Cooper's legal counsel. *Id.* The second check will be in the amount of $1,017.11 — for which lawful deductions will be made and a W-2 shall issue — and will be made payable to Cooper. *Id.*

In return, Cooper agrees to release any claims relating to "the payment of wages and/or overtime for all hours worked," including claims under the FLSA, Florida Constitution, and Florida Minimum Wage Act ("FMWA"). *Id.* ¶ 4.

### B.    *Whether the Settlement Is a Fair and Reasonable Resolution of a Bona Fide Dispute.*

The parties represent that Cooper has compromised his claims within the meaning of *Lynn's Food*.[2] Doc. No. 12, at 5. Accordingly, the Court must evaluate whether the compromise is a fair and reasonable resolution of a *bona fide* dispute. The parties agree that this case involves disputed issues concerning whether Cooper was exempt from the FLSA's overtime requirement pursuant to the Motor Carrier Act exemption. *Id.* at 1–2. Thus, there is a *bona fide* dispute regarding Cooper's FLSA claim.

---

[2] In the motion, the parties do not identify the precise amount of overtime compensation to which Plaintiff originally claimed an entitlement. Accordingly, I issued a supplemental briefing order requiring counsel for Plaintiff to state the amount of overtime compensation and liquidated damages Plaintiff claimed to be owed. Doc. No. 13. In response, Plaintiff's counsel states that exact calculations had not been made. Doc. No. 14, at 2. However, he does state that Plaintiff "believes that his unpaid overtime and liquidated damages are under $5,000, which is why he filed [originally] in small claim court." *Id.* at 1; *see also* Doc. No. 2 ¶ 14. Accordingly, I assess the reasonableness of the settlement with this representation in mind.

The parties represent that they participated in settlement discussions. *Id.* at 2–3. They were represented by counsel throughout the litigation and settlement process. *Id.* at 5. Cooper further recognizes that "the expense of attorneys' fees . . . will far outweigh the cost of settlement." *Id.* at 3. These facts adequately explain the reasons for the parties' compromise, I recommend that the Court find that the amount of the compromise is fair and reasonable. *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

      *C.    Whether the Attorney's Fees and Costs Undermine the Fairness or Reasonableness of the Settlement Agreement.*

Because Cooper has compromised his FLSA claim, the Court must also consider whether the payment to his attorney is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Cooper agreed to accept. *See Silva*, 307 F. App'x at 351. "[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). If the parties do not agree to the attorney's fees "separately and without regard to the amount paid to the plaintiff," however, the court should determine the reasonable fee using the lodestar approach. *Id.* Here, the parties represent that the attorney's fees were agreed upon by the parties separately and without regard to the amount to be paid for Cooper's underlying claims. Doc. No. 12, at 3. Based on this representation, there is no reason to believe that the amount Cooper agreed to accept was adversely affected by the amount of fees paid to his counsel.[3]

---

[3] I am concerned about the agreement to pay fees and costs to counsel before paying any monies to Cooper. Nevertheless, provided Cooper receives all of the funds due to him under the Settlement Agreement, the timing of the payments may not render the settlement unreasonable.

   D.   *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The parties do not address Cooper's release of claims in their motion. Nevertheless, I note that the Settlement Agreement includes a release of all claims relating to "the payment of wages and/or overtime for all hours worked," including claims under the FLSA, Florida Constitution, and Florida Minimum Wage Act ("FMWA"). Doc. No. 12-1 ¶ 4. Thus, the scope of the release calls into question whether the Settlement Agreement comports with *Lynn's Food*.

Judges in this district appear to be split on whether this form of release is permissible in an FLSA case. *Compare Colon v. Garda CL Se., Inc.*, No. 6:14-cv-1777-Orl-37KRS, 2015 U.S. Dist. LEXIS 94775, at *3 n.1 (M.D. Fla. July 21, 2015) (finding the release of wage claims under the FMWA and Florida Constitution, when the plaintiff raised claims only for unpaid overtime under the FLSA, made the release "per se unreasonable under *Lynn's Food* because it confer[red] an underserved benefit upon Defendant without furthering the resolution of any *bona fide* FLSA dispute"), *with Heath v. Hard Rock Café Int'l (STP), Inc.*, No. 6:10-cv-344-Orl-28KRS, 2011 WL 5877506, at *4 (M.D. Fla. Oct. 28, 2011) (finding that a release provision that was limited to wage and hour claims was not a prohibited "side deal" that undermined the fairness or reasonableness of the parties' FLSA settlement), *adopted by* 2011 WL 5873968 (M.D. Fla. Nov. 23, 2011).[4] Although there is no controlling decisional authority, it appears that the presiding District Court Judge in this case has found in the past that releases in FLSA cases that also encompass state law wage claims are sufficiently narrow to withstand judicial scrutiny. *See Cotto v. Notter*, No. 6:13-

---

[4] I note that in *Tejada v. Garda CL Southeast, Inc.*, No. 6:13-cv-466-Orl-22DAB (M.D. Fla. Oct. 7, 2013), one judge in this district approved a settlement agreement containing the release at issue in this case, while in *Colon* another judge in this district found the same release to be impermissible.

cv-772-Orl-40TBS, 2014 U.S. Dist. LEXIS 164047 (M.D. Fla. Nov. 24, 2014), *adopting* 2014 U.S. Dist. LEXIS 164043 (M.D. Fla. Nov. 4, 2014).

If the Court concludes, as it did in *Cotto*, that the release does not undermine the fairness of the settlement, I recommend that the Court find that the settlement is a fair resolution of the FLSA claim. Alternatively, if the Court finds that the release undermines the fairness of the settlement, then I recommend that the Court find that the settlement is not fair unless the parties agree to sever the portion of the release that includes State law wage claims.[5] *Cf. Colon*, 2015 U.S. Dist. LEXIS 94775, at *3–4 n.1 ("Pursuant to [the severability] provision, the Court finds the release provision unenforceable and severed to the extent that it requires the release of wage and overtime claims for damages that were not recoverable under the FLSA.").

## IV. RECOMMENDATION.

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** that, if the Court concludes that the release does not undermine the fairness of the settlement, it **FIND** that the settlement is a fair resolution of a *bona fide* dispute under the FLSA, **PROHIBIT** counsel for Plaintiff from withholding from payment to Plaintiff any of the monies due to him under the Settlement Agreement, **GRANT IN PART** the Renewed Joint Motion to Approve FLSA Settlement and Dismissal with Prejudice (Doc. No. 12), **DISMISS** the case with prejudice, and thereafter **DIRECT** the Clerk of Court to close the case.

---

[5] The Settlement Agreement contains the following severability provision:

> Should any provision of this AGREEMENT be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be effected thereby and said illegal, unenforceable, or invalid term, part or provision shall be deemed not to be a part of this AGREEMENT.

Doc. No. 12-1 ¶ 7.

Alternatively, if the Court finds that the release undermines the fairness of the settlement, I recommend that the Court require the parties to state in response to this Report and Recommendation whether they agree that the Court should sever the impermissible portion of the release. If they agree to severance, then my foregoing recommendation remains the same. If there is no agreement to sever, and the Court determines the release undermines the fairness of the settlement, then I recommend that the motion be denied.

Failure to file written objections to the proposed finding and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

Recommended in Orlando, Florida on November 24, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE