UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAURICE COOPER,

    Plaintiff,

v.                                      Case No:  6:15-cv-1677-Orl-40KRS

GARDA CL SOUTHEAST, INC.,

    Defendant.

## ORDER

This Fair Labor Standards Act case comes before the Court on the parties' Renewed Joint Motion to Approve FLSA Settlement and Dismissal With Prejudice (Doc. 12), filed November 4, 2015. On November 24, 2015, Magistrate Judge Karla R. Spaulding issued a report recommending, in part, that the Court find the parties' settlement to constitute a fair resolution of a bona fide FLSA dispute. (Doc. 15). In her report, Magistrate Judge Spaulding also makes alternative recommendations relating to a release of claims provision contained in the settlement agreement and to the order in which payments are to be made to Plaintiff under the settlement agreement. These specific recommendations prompted the parties to file a Joint Response to the Magistrate's Report and Recommendation (Doc. 16) to explain their positions.

Upon an independent de novo review of the record, the parties' settlement agreement, and Magistrate Judge Spaulding's Report and Recommendation, the Court agrees that the amount of the settlement is fair and reasonable and that the amount of attorney's fees and costs to be paid to Plaintiff's counsel is reasonable by virtue of the fact that these fees and costs were negotiated separately and without regard to Plaintiff's FLSA claim.

Regarding the release of claims provision in the settlement agreement, Magistrate Judge Spaulding observed a split among the district judges in the Middle District of Florida, noting that some judges consider a release that is narrowly-tailored to the wage claims asserted in the complaint to not undermine the reasonableness of the settlement, while other judges consider any release in an FLSA settlement to be per se unreasonable, no matter its scope. *Compare Colon v. Garda CL Se., Inc.*, No. 6:14-cv-1777-Orl-37KRS, slip op. at 3 n.1 (M.D. Fla. July 21, 2015) (finding release per se unreasonable), *with Heath v. Hard Rock Café Int'l (STP), Inc.*, No. 6:10-cv-344-Orl-28KRS, 2011 WL 5877506, at *4 (M.D. Fla. Oct. 28, 2011) (finding release not unreasonable), *adopted by* 2011 WL 5873968 (M.D. Fla. Nov. 23, 2011). The release at issue in the instant settlement agreement, titled "Release of Claims by Employee," provides as follows:

> Plaintiff, without limitation, hereby irrevocably and unconditionally releases and forever discharges [Defendant], and [Defendant's] officers, agents, directors, supervisors, employees, representatives, attorneys, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners and successors, and all persons acting by, through, under, or in concert with any of them from any and all claims, whether known or unknown, existing prior to the execution of [this settlement agreement], that relate to the payment of wages and/or overtime for all hours worked, including, but not limited to, claims arising under the Fair Labor Standards Act, the Florida Constitution, and Florida's Minimum Wage Act.

(Doc. 12-1, § 4).

The undersigned sides with those decisions holding that a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint. The release quoted above is an example of such a narrowly-tailored release. The parties limit their release only to federal and state law wage and overtime claims existing at the time of the settlement. Plaintiff is not releasing wage or overtime claims which may arise in the future or other non-wage claims to which Plaintiff

may be entitled to relief now or become entitled to relief in the future. The scope of the release therefore allows Plaintiff to know exactly what, if anything, he is forfeiting relative to his wage claims and does not represent an impermissible "side deal" to buy out other potential claims that are unrelated to the wages Plaintiff lawfully seeks. The Court will therefore adopt Magistrate Judge Spaulding's first alternative recommendation and find that the release does not undermine the reasonableness of the parties' settlement in this case.

Lastly, Magistrate Judge Spaulding recommends that counsel for Plaintiff be prohibited from withholding payment to Plaintiff of all amounts due and owing under the settlement agreement. Magistrate Judge Spaulding's concern here emanates from a section of the settlement agreement which provides that Plaintiff's counsel receives the "first check" under the settlement agreement and Plaintiff receives the "second check." (Doc. 12-1, § 2(a)). This provision can reasonably be interpreted as requiring Plaintiff's counsel to be paid before Plaintiff, which could render the settlement unreasonable. However, the parties clarify in their joint response that references to a "first check" and "second check" do not dictate the order of payment, but are merely a numbering convention to describe the two checks to be disbursed. Counsel for both parties further represent that "[p]ayment to Plaintiff will not be delayed in favor of payment of Plaintiff's attorneys' fees and costs." The Court accepts counsel's representation as members of the Florida Bar and officers of this Court and will not impose directives on this issue.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The November 24, 2015 Report and Recommendation (Doc. 15) is **ADOPTED AND CONFIRMED** and made a part of this Order.

2. The parties' Renewed Joint Motion to Approve FLSA Settlement and Dismissal

With Prejudice (Doc. 12) is **GRANTED**.  The settlement agreement (Doc. 12-1) is **APPROVED**.  This case is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on December 18, 2015.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

The Honorable Magistrate Judge
Counsel of Record